IN THE UNITED DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., </br></br>        Plaintiffs, </br> v. </br></br> KEC INSTALLATIONS INC., </br></br>        Defendant. | Civil Action No. 1:14-cv-1126-LMB-MSN |

**REPORT AND RECOMMENDATION**

This matter is before the court on the plaintiffs' amended motion for default judgment (no. 15)[1] against defendant KEC Installations, Inc., ("KEC") for failure to pay contributions pursuant to a collective bargaining agreement in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA" or "Taft-Hartley Act") of 1947, 29 U.S.C. § 141 *et seq*. Defendant was served with the complaint on December 19, 2014. No answer or other responsive pleading has been filed and the Clerk has entered the default of defendant. Based on plaintiffs' amended memorandum in support and exhibits attached thereto, the magistrate judge recommends that default judgment be entered against defendants in the total amount of $15,063.05.

**I. Standard**

Default judgment is appropriate if the well-pled allegations of the complaint establish a plaintiff's entitlement to relief and the defendant has failed to plead or defend within the time

---

[1] The original motion for default judgment (no. 12) requested, in part, relief on behalf of non-party Sheet Metal Workers' International Association Scholarship Fund, which was removed from the amended motion.

frame contained in the rules. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp.1001, 1002 (E.D. Va. 1985). By defaulting, a defendant admits plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in complaint). Here, as defendant has not answered or otherwise timely responded, defendant has admitted the well-pled allegations of fact contained in the complaint.

## II. Facts

The following facts are established by the complaint and by plaintiffs' amended motion and affidavits in support of default judgment.

Plaintiffs, separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF") and the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") ("ERISA Funds"), the National Energy Management Institute Committee ("NEMI"), and the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT") (collectively, "Funds" or "National Funds"), are the trustees of trust funds created and maintained pursuant to the LMRA, 29 U.S.C. § 186(c), and of multiemployer employee benefit plans as defined by ERISA, 29 U.S.C. § 1002. Compl. ¶¶ 4-10, No. 1; Shaw Decl. ¶ 2, No. 16-3. The Funds are administered in Fairfax, Virginia. Compl. ¶ 7; Shaw Decl. ¶ 1.

Defendant KEC Installations, Inc., is a Florida corporation and an employer engaged in an industry affecting commerce as defined by 29 U.S.C. §§ 152(2), (6)-(7) and 1002(5), (11)-(12). Compl. ¶ 12. KEC employed members of Sheet Metal Workers' International Association Local Union No. 15 ("Local Union No. 15"), a labor organization representing employees for the

purpose of collective bargaining. Compl. ¶ 13; Shaw Decl. ¶ 3. Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining agreement ("Labor Contract") with Local Union No. 15. Compl. ¶ 14. The Labor Contract obligated KEC to abide by the terms and conditions of the agreement and declaration of trust establishing the ERISA Funds ("Trust Agreement"). Compl. ¶ 15; Shaw Decl. ¶ 3.

Pursuant to the Labor Contract and Trust Agreement, KEC was required to prepare monthly remittance reports detailing all employees or work for which contributions were required under the Labor Contract and to make full and timely contribution payments on a monthly basis. Compl. ¶¶ 16-17; Shaw Decl. ¶ 3. Completed remittance reports and accompanying payments are due by the twentieth day after the end of the month during which covered work was performed and are delinquent if received thereafter. Compl. ¶¶ 17-18. KEC employed persons for whom contributions were due but failed to submit remittance reports or make the required contribution payments during the period of February 2014 through July 2014 and failed to make contributions in a timely manner during the period of September 2013 through December 2013. Compl. ¶¶ 23-24, 27-28 & Ex 2; Shaw Decl. ¶¶ 6-7.

Through the instant action, plaintiffs seek to enforce provisions of their collective bargaining agreement and incorporated trust documents pursuant to ERISA (Count I) and the LMRA (Count II). Plaintiffs request damages be awarded for KEC's failure to make full and timely contributions in an amount equal to all unpaid contributions, pre- and post-judgment interest, pre- and post-litigation liquidated damages, and attorneys' fees and costs.[2]

---

2. Plaintiffs request injunctive relief in their amended motion for default judgment but not in their complaint therefore the request is not properly before the court.

### III. Jurisdiction and Venue

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law. Personal jurisdiction and venue are proper under 29 U.S.C. §§ 1132(e)(2) and 185(a) and 28 U.S.C. § 1391(b), as the Funds in question are administered within the Eastern District of Virginia and a substantial part of the events or omissions giving rise to the cause of action occurred in this district. *See also Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

### IV. Discussion and Findings

Pursuant to ERISA, 29 U.S.C. § 1145, employers are required to comply with their obligations to multiemployer plans by making contributions in accordance with the terms and conditions of the plan or collective bargaining agreement. To enforce this section, ERISA, 29 U.S.C. § 1132, allows for the recovery of delinquent contributions in federal court along with pre- and post-judgment interest, liquidated damages, and attorneys' fees and costs. Similarly, under the terms of the Labor Contract and Trust Agreement a delinquent employer is liable to the Funds for these amounts as well as late fees. Compl. ¶¶ 19-20 & Ex. 1; Shaw Decl. ¶ 7 & Exs. 2-4. The LMRA, 29 U.S.C. § 185(a), provides a federal cause of action for breach of a collective bargaining agreement, such as the Labor Contract, without regard to the amount in controversy or citizenship of the parties. This provision provides a separate basis for relief apart from the enforcement provisions of ERISA that were "intended to supplement rather than supersede the rights existing under 29 U.S.C. § 185(a)." *Bugher v. Feightner*, 722 F.2d 1356, 1359 (7th Cir. 1983).

Having examined the record, the magistrate judge finds that the well-pled allegations of fact in the complaint and plaintiffs' amended memorandum in support of default judgment and

exhibits attached thereto establish that KEC violated its contractual and statutory obligations to the Funds by failing to make contributions for the period of February 2014 through July 2014 and by failing to make timely contributions for the period of September 2013 through December 2013. KEC's failure to make contributions pursuant to the Labor Contract and Trust Agreement violates ERISA and the LMRA, 29 U.S.C. §§ 1145 and 185, and therefore plaintiffs are entitled to default judgment in their favor in the amount of $15,063.05, as set forth more fully below.

*Unpaid Contributions, Interest,*
*and Liquidated Damages*

Based on the amounts last reported to the Funds for the month of January 2014, the Funds estimate KEC owes contributions totaling $7,575.12 for the period of February 2014 through July 2014. Compl. ¶ 24 & Ex. 2; Shaw Decl. ¶¶ 6-7. Under the terms of the Trust Agreement, Article V, Section 2, delinquent employers are also assessed (1) pre- and post-judgment interest on the delinquent contributions at the rate of 0.0233% per day compounded daily, or eight and one-half percent annually, from the date due until the date paid; (2) pre-litigation liquidated damages, or late fees, on contributions paid prior to litigation but more than five days late, equal to the greater of ten percent of all late contributions or $50.00; (3) liquidated damages equal to the greater of interest or twenty percent of all post-litigation delinquent contributions; and (4) all reasonable attorneys' fees and costs incurred in the collection of delinquent contributions. Shaw Decl. ¶ 7 & Exs. 2-4. Other than post-judgment interest, which is calculated at a statutory rate under 28 U.S.C. § 1961, the corresponding ERISA damages award is calculated in the same manner.[3] *See* 29 U.S.C. § 1132.

---

[3] Under ERISA, interest is "determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26" and liquidated damages are calculated as "provided for under the plan in an amount not in excess of 20 percent." 29 U.S.C. 1132(g). Since ERISA adopts the Labor Contract's interest rate and the Labor Contract adopts ERISA's "safe harbor" liquidated damages rate, the amounts due for these awards are the same under both. ERISA does not however provide for late fees.

5

Accordingly, as established by the Declarations of Walter Shaw, Billing and Eligibility Manager of the NPF, and the exhibits attached thereto, defendant owes the following:

| *Fund* | *Contributions* | *Interest to 2/13/15* | *Liquidated Damages* | *Late Fees[4]* | *Total* |
|---|---|---|---|---|---|
| NPF | $6,893.76 | $419.71 | $1,378.74 | $205.46 | **$8,897.67** |
| ITI | $480.96 | $29.28 | $96.18 | $14.33 | **$620.75** |
| NEMI | $120.24 | $7.31 | $24.06 | $3.58 | **$155.19** |
| SMOHIT | $80.16 | $4.87 | $16.02 | $2.39 | **$103.44** |
| **Total** | **$7,575.12** | **$461.17** | **$1,515.00** | **$225.76** | **$9,777.05** |

Shaw Decl. ¶ 7; Amend. Mem. Supp. Mot. Default J. Ex. 5A. Based on a review of the record, the magistrate judge finds that defendant owes the National Funds $9,777.05, with interest continuing at the annual rate of eight and one-half percent, pursuant to the Labor Contract and 29 U.S.C. §185. As for the ERISA Funds' separate yet overlapping claim,[5] the magistrate judge finds that, of that total, $9,298.63 is due to the ERISA Funds under ERISA, 29 U.S.C. § 1145, with post-judgment interest accruing at the statutory rate under 28 U.S.C. § 1961:

| *Fund* | *Contributions* | *Interest to 2/13/15* | *Liquidated Damages* | *Total* |
|---|---|---|---|---|
| NPF | $6,893.76 | $419.71 | $1,378.74 | **$8,692.21** |
| ITI | $480.96 | $29.28 | $96.18 | **$606.42** |
| **Total** | **$7,374.72** | **$448.99** | **$1,474.92** | **$9,298.63** |

Amend. Mem. Supp. Mot. Default J. Ex. 5B.

*Attorneys' Fees and Costs*

Plaintiffs are also entitled to all reasonable legal fees and costs incurred in the collection of delinquent contributions. The Declaration of James E. Goodley, counsel to plaintiffs, and the

---

[4] Calculated for the period of September 2013 through December 2013.
[5] The ERISA Funds seek to preserve this claim in the event of any error or defect in any judgment awarded pursuant to the Labor Contract. Amend. Mem. Supp. Mot. Default J. 14.

6

exhibits attached thereto, establish that plaintiffs have incurred attorneys' fees and costs in connection with this matter through February 13, 2015, totaling $4,437.50 and $848.50, respectively. Goodley Decl. Ex. 7, No. 16-9 (providing a detailed account of hours billed, attorneys' fees and costs). The magistrate judge has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce plaintiffs' rights. If further action is required to enforce and collect this judgment, plaintiffs may apply to this court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## V. Recommendation

The magistrate judge recommends that default judgment be entered against defendant KEC Construction, Inc., in favor of plaintiffs, in the amounts of $9,777.05 plus $5,286.00 in attorneys' fees and costs with post-judgment interest accruing at the previously discussed rates.

## VI. Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

April 30, 2015
Alexandria, Virginia